UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID JAMES CARTER,<br><br>Petitioner,<br><br>v.<br><br>LEANNA LUNDY,<br><br>Respondent. | Case No. EDCV 24-2030 SB (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, all the records and files herein, and the Report and Recommendation of the U.S. Magistrate Judge. The time for filing objections to the Report and Recommendation has passed and no objections have been received.

The current petition appears to challenge the state court's denial of the petitioner's application for resentencing under Cal. Penal Code § 1172.6,[1] raising questions of whether it qualifies a "second or successive" petition under 28 U.S.C. § 2244. *See Brown v. Atchley*, 76 F.4th 862, 872-73 (9th Cir. 2023) (applying the principle that "a petition is not second or successive when it raises claims that were not ripe at the time a prior petition was filed"); *see also United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) (noting that "petitions based on events that do not occur until a first petition is concluded" are not second or successive). Either way, the petition must be denied. To the extent that the petition can be deemed successive because both petitions attack the validity

---

[1] Section 1172.6 (formerly numbered § 1170.95) allows individuals convicted under California's previous definition of felony murder to seek vacatur of their conviction and resentencing under the current definition of felony murder. *People v. Strong*, 13 Cal. 5th 698, 708 (2022). Petitioner filed a § 1172.6 application in state court, which was denied after this Court denied his prior habeas petition. *People v. Carter*, No. D080023, 2023 WL 4613847, at *4, 8–10 (Cal. Ct. App. July 19, 2023), *rev. denied* (Oct. 11, 2023) (affirming denial of § 1172.6 application); *Carter v. Montgomery*, No. 20-CV-1303-SB (C.D. Cal. May 13, 2021), Dkt. No. 19 (denying federal habeas petition).

of the murder conviction based on California's retroactive change to its felony-murder rule, *Brown*, 76 F.4th at 866–67 (petition successive if it raises a claim that could have been raised in the earlier petition and challenges the same judgment), the Court "lack[s] jurisdiction" to hear it and accepts the findings, conclusions, and recommendations of the Magistrate Judge, *Balbuena v. Sullivan*, 980 F.3d 619, 637 (9th Cir. 2020). To the extent that the petition is not successive because his challenge to the denial of his § 1172.6 application did not ripen until after his prior federal habeas petition was denied, *Brown*, 76 F.4th at 872–73, the petition still fails. A claim that a state court erroneously applied state law in denying a § 1172.6 application is not cognizable on federal habeas review, notwithstanding the petition's "cursory reference to the Fourteenth Amendment." *E.g.*, *Rangel v. Cruz*, No. 2:23-CV-03754-DSF, 2023 WL 3828776, at *1-2 (C.D. Cal. May 30, 2023) (collecting cases); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (stating that a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process").

IT IS ORDERED that the Motion for Leave for Permission to File a Successive Petition is denied, the Petition is denied, and Judgment shall be entered dismissing this action without prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at his address of record and on counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: February 24, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

2